## ANDRADA v. STATE.

(Court of Criminal Appeals of Texas. Dec. 18, 1912. Rehearing Denied Jan. 22, 1913.)

**1. INTOXICATING LIQUORS (§ 200\*)—CRIMINAL PROSECUTION—INDICTMENT.**

An indictment charging that defendant unlawfully and knowingly sold, gave, and caused to be sold and given intoxicating liquors to a named person, then under the age of 21, without a written consent of his parent or guardian, charged an offense under Pen. Code 1911, art. 1054, making it an offense to knowingly sell, give, or deliver intoxicating liquors to a minor without the consent of his parent or guardian.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 219, 220; Dec. Dig. § 200.\*]

---

\*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

2. INTOXICATING LIQUORS (§ 219*)—CRIMINAL PROSECUTION — INDICTMENT — DESCRIPTION OF PURCHASER OR OTHER PARTY.

An indictment under Pen. Code 1911, art. 1054, making it an offense to knowingly sell, give, or deliver intoxicating liquors to a minor without the consent of his parent or guardian, which alleged that the buyer was under 21 years, sufficiently alleged that he was a minor.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 237–239; Dec. Dig. § 219.*]

3. INDICTMENT AND INFORMATION (§ 125*) — DUPLICITY—SALE OF INTOXICATING LIQUORS.

Under Pen. Code 1911, art. 1054, forbidding any person to sell "or" give "or" deliver, or to cause to be "sold, given or delivered" any intoxicants to a minor, an indictment alleging that an offense was committed by selling "and" giving, and causing to be sold, "and" given, was not thereby rendered contradictory or conflicting.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 334–400; Dec. Dig. § 125.*]

4. CRIMINAL LAW (§ 1167*)—APPEAL—HARMLESS ERROR—RULING ON PLEA.

Defendant in a prosecution for an offense under the Local Option Law pleaded a former acquittal, and the court instructed the jury to find whether such plea was true, and that, if the sale in the cause on trial was the same transaction as that for which defendant had been acquitted, he was not guilty. Held, that a finding that defendant was guilty as charged included a finding that his plea of former acquittal was not sustained by the evidence, and hence the overruling of it was harmless.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3101, 3103–3106; Dec. Dig. § 1167.*]

5. CRIMINAL LAW (§ 814*)—CRIMINAL PROSECUTION—INSTRUCTIONS—APPLICABILITY TO ISSUES.

In a prosecution for selling intoxicating liquor to a minor without the consent of his parent or guardian, where there was no evidence of such consent, it was not necessary for the court to charge thereon.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1821, 1833, 1839, 1860, 1865, 1883, 1890, 1924, 1979–1985, 1987; Dec. Dig. § 814.*]

6. INTOXICATING LIQUORS (§ 230*)—CRIMINAL PROSECUTION—ADMISSIBILITY OF EVIDENCE—ACTS CONSTITUTING OFFENSE.

In a prosecution for the sale of intoxicating liquor to a minor without the consent of his parent or guardian, testimony of such minor as to the sales was admissible.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 290; Dec. Dig. § 230.*]

Appeal from Tom Green County Court; Oscar Frink, Judge.

Roman Andrada was convicted of an offense under Local Option Law, and he appeals. Affirmed.

W. A. Anderson, of San Angelo, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. [1] Appellant was indicted, the indictment charging that he "did then and there unlawfully and knowingly sell and give, and cause to be sold and given, spirituous, vinous, and intoxicating liquor to George Conger, the said George Conger then and there being a person under the age of twenty-one years, without the written consent of the parent or guardian or of some one standing in the place and stead of the parent and guardian of him, the said George Conger." This charged an offense under our laws, and the court did not err in overruling the motion to quash.

[2, 3] The indictment alleging that Conger was under 21 years, alleged that he was a minor, and the indictment, alleging that the offense was committed in all the ways denounced by article 1054 of the Code, does not render it contradictory and conflicting. Masterson v. State, 20 Tex. App. 574; Nicholas v. State, 23 Tex. App. 317, 5 S. W. 239; Lawson v. State, 17 Tex. App. 292. The indictment in this case is drawn under article 1054 (New Code), while appellant claims, if the evidence would support a conviction, he should have been prosecuted under article 622 (New Code). The punishment under article 1054 is by fine not less than $25 nor more than $100, and this was the penalty submitted by the court to the jury; the indictment having been drawn under this article. Had the indictment been drawn under article 622 of the Code, it would have necessarily had to charge that appellant was a retail liquor dealer, and the minimum fine would have been not less than $10, while the maximum fine would have been $200, or by imprisonment in the county jail for not exceeding six months, or by both fine and imprisonment. The latter offense was not charged in the information nor submitted by the court to the jury.

The evidence would show that appellant sold intoxicating liquor to the minor, and it also shows that he "sold it to him in his place of business," but it nowhere discloses that appellant held a license as a retail liquor dealer; consequently it is not necessary for us to discuss the issue here sought to be raised by appellant.

[4] Appellant also insists that his plea of former acquittal ought to have been sustained. Defendant denies making any sale to Conger at any time, while Conger and Morris positively testify that this prosecution was for a different transaction than that for which he had been tried on the former occasion. Again, appellant insists that, as the jury in returning their verdict made no finding as to this plea, the judgment should be set aside. The court properly submitted the plea of former acquittal, and instructed the jury: "You are first instructed that you should first find whether defendant's plea of former acquittal is true or untrue. If you believe from the evidence that the sale, if any, for which defendant is prosecuted in the cause now on trial, and the sale, if any, for which defendant was tried and acquitted on yesterday was one

and the same transaction, then you must find in defendant's favor on said plea of former acquittal and render a verdict of not guilty. * * * If you do not find in defendant's favor on said plea of former acquittal, then you are charged that if you believe from the evidence beyond a reasonable doubt," etc., they would convict. A finding that defendant was guilty under this charge necessarily included a finding that his plea of former acquittal was not sustained by the evidence. In fact, there is no evidence in the record upon which a jury would have been authorized to so find.

There was no error in overruling the demurrer of defendant to the evidence. If the testimony of Conger was true, it supports the verdict. And neither did the court err in refusing the peremptory instruction requested.

[5] There was no evidence raising the issue that, if the sale was made, appellant had consent of the minor's father to make such sale; consequently it was not necessary for the court to charge thereon.

[6] The court did not err in refusing to exclude the testimony of the witness George Conger. This witness testified clearly to two sales, one of bottled beer on one day, and the other of keg beer on the next day, and the testimony was admissible.

The judgment is affirmed.