### Roman Andrado v. State.

#### No. 2155. Decided January 18, 1913.

#### Rehearing Denied January 22, 1913.

**1.—Minor—Intoxicating Liquors—Indictment.**

Where, upon trial of selling and giving intoxicating liquors to a minor, the indictment alleged that the said minor was under twenty-one years of age, and otherwise followed the statute under Article 1054, Penal Code, the same was sufficient.

**2.—Same—Statutes Construed.**

Where defendant was charged for knowingly selling intoxicating liquors to a minor, and the evidence showed that he sold the same in his place of business, but did not disclose that defendant held a license as a retail liquor dealer, there was no error, and the contention that the defendant should have been prosecuted under Article 622, Revised Penal Code, need not be discussed.

**3.—Same—Former Acquittal—Special Finding Unnecessary.**

Where, upon trial of selling intoxicating liquors to a minor, the defendant interposed his plea of former acquittal and the jury found defendant guilty, the court having submitted a charge on former acquittal, here was no error, although there was no special finding; besides, the evidence did not support the plea.

**4.—Same—Sufficiency of the Evidence.**

Where the evidence sustained the conviction, there was no error in overruling a demurrer to the evidence and in refusing a peremptory charge to acquit.

**5.—Same—Charge of Court—Consent.**

Where there was no evidence that defendant had the consent of the minor's father to sell intoxicating liquors to such minor, there was no error in the court's failure to charge thereon.

**6.—Same—Evidence—Sale.**

Where the witness testified to the sale by defendant of intoxicating liquors to the alleged minor, there was no error.

Appeal from the County Court of Tom Green. Tried below before the Hon. Oscar Frink.

Appeal from a conviction of unlawfully selling intoxicating liquors to a minor; penalty, a fine of $25.

The opinion states the case.

*W. A. Anderson,* for appellant.—On insufficiency of the indictment: Talley v. State, 66 Tex. Crim, Rep., 342, 147 S. W. Rep., 255; Mealer v. State, 66 Tex. Crim. Rep., 140, 145 S. W. Rep., 353.

On question of charge of court: Steele v. State, 81 S. W. Rep., 962.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, the indictment charging that he "did then and there unlawfully and knowingly sell and give, and cause to be sold and given, spirituous, vinous and intoxicating liquor to George Conger, the said George Conger then and there being a person under the age of twenty-one years, without the written consent of the parent or guardian, or of some one standing in the place and stead of the parent and guardian of him, the said George Conger." This charged an offense under our laws ,and the court did not err in overruling the motion to quash. The indictment alleging that Conger was under twenty-one years, alleging that he was a minor, and that the indictment alleging that the offense was committed in all the ways denounced by Art. 1054 of the Code, does not render it contradictory and conflicting. Masterson v. State, 20 Texas Crim. App., 574; Nicholas v. State, 23 Texas Crim. App., 317; Lawson v. State, 17 Texas Crim. App., 292.

The indictment in this case is drawn under Article 1054 (New Code), while appellant claims if the evidence would support a conviction he should have been prosecuted under Article 622 (New Code). The punishment under Article 1054 is by fine not less than $25 nor more than $100, and this was the penalty submitted by the court to the jury, the indictment having been drawn under this article. Had the indictment been drawn under Article 622 of the Code it would have necessarily had to charge that appellant was a retail liquor dealer and the minimum fine would have been not less than $10, while the

maximum fine would have been $200, or by imprisonment in the county jail for not exceeding six months or by both fine and imprisonment. This latter offense was not charged in the information nor submitted by the court to the jury.

The evidence would show that appellant sold intoxicating liquor to the minor, and it also shows that he "sold it to him in his place of business," but it nowhere discloses that appellant held a license as a retail liquor dealer, consequently it is not necessary for us to discuss the issue here sought to be raised by appellant.

Appellant also insists that his plea of former acquittal ought to have been sustained. Defendant denies making any sale to Conger at any time, while Conger and Morris positively testify that this prosecution was for a different transaction than that for which he had been tried on the former occasion. Again appellant insists that as the jury in returning their verdict made no finding as to this plea, the judgment should be set aside. The court properly submitted the plea of former acquittal, and instructed the jury: "You are first instructed that you should first find whether defendant's plea of former acquittal is true or untrue. If you believe from the evidence that the sale, if any, for which defendant is prosecuted in the cause now on trial, and the sale, if any, for which defendant was tried and acquitted on yesterday was one and the same transaction, then you must find in defendant's favor on said plea of former acquittal and render a verdict of not guilty. * * * If you do not find in defendant's favor on said plea of former acquittal then you are charged that if you believe from the evidence beyond a reasonable doubt," etc., they would convict. A finding that defendant was guilty under this charge necessarily included a finding that his plea of former acquittal was not sustained by the evidence. In fact there is no evidence in the record upon which a jury would have been authorized to so find.

There was no error in overruling the demurrer of defendant to the evidence. If the testimony of Conger was true, it supports the verdict. And neither did the court err in refusing the peremptory instruction requested.

There was no evidence raising the issue that if the sale was made. appellant had consent of the minor's father to make such sale, consequently it was not necessary for the court to charge thereon.

The court did not err in refusing to exclude the testimony of the witness George Conger. This witness testified clearly to two sales, one bottled beer on one day, and the other of keg beer on the next day, and the testimony was admissible.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied January 22, 1913.—Reporter.]