WILLIS MCCRAW v. THE STATE.

No. 3001. Decided February 11, 1914.

**1.—Aggravated Assault—Former Conviction—Distinct Offenses.**

Where, upon trial of an aggravated assault, the defendant pleaded former conviction as a bar to the prosecution, and the evidence showed that the de-

fendant voluntarily pleaded guilty in the Justice Court to an affray, the court submitting his plea, and the jury convicted defendant of aggravated assault, such charge of the court, although erroneous, was harmless error of which defendant could not complain, although the two offenses are strictly separate and distinct.

### 2.—Same—Rule Stated—Affray—Carving—Former Jeopardy.

In no event was the conviction for an affray on complaint any bar to the conviction of an aggravated assault and battery under the indictment, neither did the doctrine of carving apply. Following Davis v. State, 39 Texas Crim. Rep., 681.

### 3.—Same—Verdict, Certainty of.

Where defendant was indicted for an aggravated assault, and interposed a plea of former conviction for an affray, and the jury found defendant guilty as charged in the indictment and assessed his punishment at a fine of $25, the verdict was sufficiently certain to find defendant guilty of an aggravated assault. Following McGee v. State, 39 Texas Crim. Rep., 190, and other cases.

Appeal from the County Court of Coke.   Tried below before the Hon. G. S. Arnold.

Appeal from a conviction of aggravated assault; penalty, a fine of $25. The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, and *J. E. Greer,* County Attorney, for the State.—Cited Wright v. State, 17 Texas Crim. App., 152.

PRENDERGAST, Presiding Judge.—Appellant was indicted for an aggravated assault alleged to have been committed upon J. K. Lofton by striking him with a rock, the same being a deadly weapon, alleged to have been committed on August 11, 1913.   The jury found this verdict: "We, the jury, find defendant guilty as charged in the indictment and assess his punishment at a fine of twenty-five dollars ($25)."

The evidence by the State was to the effect that said Lofton was sitting down in a lumber yard; that appellant slipped up behind him and struck him in the head several times with a large rock which was shown to have been a deadly weapon, and required by the court's charge to be so found before they could find appellant guilty.   After appellant had thus assaulted and struck Lofton, Lofton undertook to protect himself and in doing so immediately fought the appellant, but appellant either knocked him down or threw him down and got on top of him.   Lofton called upon the bystanders to take him off, which they did.   Subsequently, though how long is not shown, the same two parties it seems voluntarily fought in said lumber yard.   Appellant denied that he at any time had struck the said Lofton with the rock.   Others, in their testimony, supported him.   This was a question of fact, however, fairly and fully submitted by the court to the jury and they found against appellant and this court can not disturb the verdict on that account.

After said second fight, it does not appear whether the parties were separated or got through with the fight; both combatants left the scene, Lofton, it appearing, went first up the street. The county attorney and sheriff were on the opposite side of the same street and saw appellant coming along on the same side of the street that Lofton was, or was passing. The sheriff called appellant to where he and the county attorney were, and told appellant not to go up the way he was going, but to stay away from where Lofton was and have no more trouble with him. Appellant agreed to this. Appellant then said to the sheriff that he was ready to plead guilty to his part of the matter to whomsoever was authorized to take up the matter. The county attorney then told him he would send word to the justice of the peace and have him come down and attend to the matter, which was, later in the evening, done. The county attorney then drew a complaint only, against appellant charging him with an affray. He then pleaded guilty to this, was fined $1 by the justice and the judgment accordingly entered. It seems he paid it off. The county attorney further said appellant never suggested what he was guilty of, nor suggested anything, just said he was ready to plead guilty to his part of the fight,—whatever he was charged with; that no one said anything to him, the county attorney, about seeing a rock up to that time. Several people had told him between the time of the fight and when he drew up the complaint that these parties had had a fight in Simpson's lumber yard, but none of them said anything to him about appellant having a rock. He knew nothing of the fight personally and did not see it. The said complaint against appellant in the Justice Court charged that he did unlawfully fight together with J. K. Lofton in a public place, towit: in said lumber yard, further alleging such facts as show it to have been a public place.

Appellant plead this former conviction as former jeopardy and conviction in bar of this case. The court submitted, in a correct charge, aggravated assault under the indictment, and required the jury to believe every essential to make an aggravated assault before they could convict. He also submitted appellant's plea of former conviction, correctly told the jury what an affray was and told the jury that if they believed appellant was shown in this case to be guilty of an affray or that they had a reasonable doubt of it to acquit him on his said plea. This charge should not have been given

In our opinion the facts show                and distinct offenses. The first, from the State's side, clear,          in aggravated assault. The second fight may have been an affray       so event was appellant's former prosecution for an affray instituted     in his consent, if not at his request, to which he voluntarily appeared and plead guilty, any bar whatever for the aggravated assault that he had committed and should not have been submitted by the court to the jury for a finding. However, such submission was clearly in appellant's favor. He does not complain thereof, and, of course, could not be injured thereby. Former jeopardy did not attach so as to prevent his conviction for an aggravated assault,

nor does the doctrine of carving apply. The two offenses are entirely separate and distinct; different elements entirely entered into the two. An affray is defined: "If any two or more persons shall fight together in a public place" ,and the punishment is by fine not exceeding $100. P. C., Art. 469.

An assault and battery is defined as: "The use of any unlawful violence upon the person of another with intent to injure him whatever be the means or degree of violence used." P. C., Art. 1008. And becomes an aggravated assault and battery when committed with a deadly weapon under such circumstances as to not amount to intent to murder or maim. P. C., Art. 1022, subdivision 8. In no event was the conviction for an affray on complaint any bar to the conviction of an aggravated assault and battery under the indictment. Article 601, C. C. P.; Davis v. State, 39 Texas Crim. Rep., 681; and many other decisions unnecessary to cite.

The verdict of the jury above quoted is amply sufficient to show that appellant was convicted of an aggravated assault and of this only. McGee v. State, 39 Texas Crim. Rep., 190. Even if appellant's plea of former conviction should have been submitted to the jury, the verdict was sufficient because by finding the appellant guilty of an aggravated assault and fixing the punishment at a fine of $25 and the jury being told that if appellant was guilty of an affray to acquit him, necessarily found against appellant on his plea of former conviction. Andrado v. State, 68 Texas Crim. Rep., 628, 152 S. W. Rep., 910; Bell v. State, 31 Texas Crim. Rep., 521.

These are the only questions submitted requiring any discussion or decision. The judgment is affirmed.

*Affirmed.*