JIM ROUNTREE V. THE STATE.

No. 21118. Delivered October 23, 1940.

The opinion states the case.

*Polk Shelton,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for theft, punishment being two years in the penitentiary.

The State's evidence makes out the following case. Jones and Anderson owned a dairy. Newt Rountree, a brother of appellant, was manager of the dairy. Newt's son, Eugene Rountree, was a boy about 15 years old, a nephew of appellant.

The testimony of Eugene Rountree is substantially as follows: He met his uncle (appellant) in Austin, who made inquiry of Eugene as to whether he had any calves to sell. Upon being told that Eugene had none to sell appellant asked Eugene if he would tie up one of the Jones and Anderson calves near a road that ran back of the pasture; that if he would do this appellant would pay him seven dollars for it. Eugene agreed to this and did put a rope on one of the calves and led it to the place designated, and tied it up at a place convenient for appellant to reach with his truck. The next day appellant came by the dairy and paid Eugene the seven dollars. Eugene had no further interest in the calf one way or the other.

A witness testified that he was with appellant in his truck and went with him to a point where they found the calf tied to a post at the back side of the pasture near the road. He helped appellant load the calf in the truck. Appellant told wit-

ness he had bought the calf or traded for it from a negro. The next day after the calf was taken possession of by appellant he traded it to Mr. Murchison for another calf, telling Murchison that he had gotten it from a negro. At the time the officers were making an investigation of the matter appellant told the the officers that he had bought the calf from Eugene Rountree.

Appellant offered no testimony. It is his contention that the facts put in evidence by the State show without question that he is not guilty as a principal of the offense of theft. His contention is based upon the proposition that the offense of theft of the animal was complete when Eugene Rountree reduced it to his possession in the absence of appellant. It appears to us that when Eugene Rountree tied the animal at a place agreed upon between him and appellant for the convenience of appellant to load it into his truck, that same was a constructive delivery of the animal to appellant at the point where it was tied. If Eugene Rountree had had any further interest in the animal or the proceeds thereof to be paid him by appellant after the disposition of the animal by the latter the case would have been brought within the principle recognized in Smith v. State, 21 Tex. Cr. App. 107, 17 S. W. 552; McInnis v. State, 122 Tex. Cr. R. 128, 54 S. W. (2d) 96; and the cases therein cited, and also in Miller v. State, 105 S. W. (2d) 1097. The facts here do not admit application of such principle. Eugene was to be paid seven dollars flat for stealing the animal and leaving it at the designated place, and says himself that he had no interest in what became of it thereafter. He was in fact, according to his own admission, paid the seven dollars by appellant before the latter traded it off.

Art. 1410 P. C. defines theft as the "fraudulent taking," etc. of the property of another. What was meant by the use of the word "taking" is not left in doubt. Art. 1412 P. C. defines it as follows: "To constitute 'taking' it is not necessary that the property be removed any distance from the place of taking; it is sufficient that it has been in the possession of the thief, though it may not be moved out of the presence of the person deprived of it; nor is it necessary that any definite length of time shall elapse between the taking and the discovery thereof; if but a moment elapse, the offense is complete."

At common law a "carrying away or asportation" was necessary in connection with a fraudulent taking to constitute theft. Not so under our statute. When the theft is of an animal it is a "taking" whenever the animal is brought under the control of

the thief. Madison v. State, 16 Tex. Cr. App. 435. In Powers v. State, 69 Tex. Cr. R. 214, 152 S. W. 910 an animal running on its accustomed range was taken possession of and tied to a tree, and was later butchered. The court said "the theft was complete when the cow was taken possession of and tied to a tree to be butchered." In the present case the animal was not removed from the pasture until appellant untied it and loaded it in his truck; however, it had been deprived of freedom to roam the pasture at will when Eugene placed a rope on it and led it away to be tied at a designated spot for appellant. Eugene had taken it into his possession and was exercising control and dominion over it. Had he been apprehended while on his way with the animal to the place where he intended to tie it, and was under prosecution for theft of the animal he would scarcely be able to defend on the ground that the theft was incomplete until appellant took charge of the animal and removed it from the pasture.

In Petty v. State, 128 Tex. Cr. R. 562, 82 S. W. (2d) 965, both the original opinion and the opinion on rehearing discuss the distinction between principals, accomplices, and receivers of stolen property where the theft is the result of a conspiracy. The facts in Petty's case and others therein reviewed as well as those already referred to herein support appellant's contention that his conviction as a principal in the theft of the animal in question can not be sustained.

The judgment is reversed and the cause remanded.