## JIM ROUNTREE V. THE STATE.

No. 21277. Delivered December 11, 1940.

The opinion states the case.

*Polk Shelton,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of being an accomplice to cattle theft, and sentenced to serve a term of two years in the penitentiary.

It appears from the testimony that appellant entered into a conspiracy with his nephew Eugene Rountree, wherein it was agreed that Eugene would catch a cow on certain premises near the city of Austin, and tie up such cow, and appellant would come and get the cow and sell the same, and give Eugene one-half the money that the cow was sold for. It further appears that Eugene Rountree did rope a cow and tie her up on the roadside near where the cow was kept, and at a later date appellant sold this stolen cow to another.

Under a long line of decisions of this court, the conspiracy contemplating the disposal of such stolen property by one not present at the commission of the offense, the one whose part of the conspiracy was to dispose of the property, and divide the proceeds among the wrongdoers, was a principal and not an accomplice, on the ground that each conspirator is guilty of the acts of any and all the conspirators as long as the purpose of the conspiracy exists and is being carried out to its termination. In the early case of Smith v. State, 21 Texas. Ct. App. 125, we held: "If it be proved that defendants by their acts pursued the same objects, often by the same means, one performing one

part and another another part of the same, so as to complete it with a view to the attainment of the same object, the jury will be justified in the conclusion that they were engaged in a conspiracy to effect that object (Slough's case, 5 Fed. Rep., 680), and under our statute such acting together would make all principal offenders, whether present bodily at the place of the offense or not (Berry v. The State, 4 Texas Ct. App., 492; Heard v. The State, 9 Texas Ct. App., 1; Wright v. The State, 18 Texas Ct. App., 358), and they are all principals and acting together as long as any portion or object of the common design remains incomplete; in other words, until the full purpose and object of the conspiracy is consummated and accomplished."

The difficulty which confronts us in this case is the fact that the witness Eugene Rountree, after he had reduced the cow to his possession and tied her up on the roadside, was still interested in the animal, according to the proof, owning a half interest in her, or what she "brought," and thus owning a half interest in the stolen cow. The part of the conspiracy wherein the appellant became active was the disposal of the animal and the division of the money received therefor. Under the decisions this constituted him a principal in the theft, and he should have been thus charged in the indictment. We refer to the case of Rountree v. State, 143 S. W. (2d) 942, wherein, under a different state of facts, this same appellant was held to have been an accomplice, and the difference between an accomplice and a principal was set forth. It will be observed in that case the actual taker of the animal received the sum of $7.00 for taking the animal, and had no further interest therein; in this present case, however, the taker of the animal was still interested in the same, and appellant owed to him the obligation of disposing of the animal and paying to the original taker one-half of the money received for the stolen cow. Under the above line of decisions this constituted appellant a principal, and he should have been so charged in the indictment. We quote from the Rountree case, 143 S. W. (2d) 942: "If Eugene Rountree had had any further interest in the animal or the proceeds thereof to be paid him by appellant after the disposition of the animal by the latter the case would have been brought within the principle recognized in Smith v. State, 21 Texas App. 107, 17 S. W. 552; McInnis v. State, 122 Texas Cr. R. 128, 54 S. W. (2d) 96, and the cases therein cited, and also in Miller v. State, 133 Texas Cr. R. 53, 105 S. W. (2d) 1097."

It is observed that the count upon which a conviction was

had herein charges appellant as an accomplice while the facts show him to be a principal in the offense.

Because of the failure of the allegation and the proof to correspond, this judgment is reversed and the cause remanded.