## JACK MOSES V. THE STATE.

No. 22758. Delivered March 1, 1944.
Rehearing Denied April 26, 1944.

The opinion states the case.

*J. B. Forse,* of Newton, and *Collins, Williams & Garrison,* of Lufkin, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of receiving and concealing stolen cattle. The punishment assessed is confinement in the state penitentiary for a term of two years.

Appellant challenges the sufficiency of the evidence to sustain his conviction upon two grounds: First, that the evidence is insufficient because it is not shown, beyond a reasonable doubt, that at the time he purchased the animal in question he knew that it was stolen property; and second, because the State's evidence shows that he was a principal in the commission of the offense of theft of the animal and therefore could not be guilty of receiving and concealing the same. In determining the questions, we do not deem it necessary to set forth the evidence relating to the theft of the animal, nor the purchase thereof by appellant because the theft of the animal by Friend Kellum is not only proven beyond a reasonable doubt but is admitted by him. The purchase of the animal in question by appellant from Kellum is not controverted but is also admitted by him. Hence the only issue is whether or not at the time appellant purchased the animal he knew that it was stolen property. The testimony relative to this issue is that on or about the 1st day of July, 1942, appellant went to the home of Watt Hunter to look at a cow belonging to Mrs. Cochran with the view of purchasing her. This cow was running with Hunter's cattle in a pasture near his home. Hunter went with the appellant into the pasture and showed him the cow belonging to Mrs. Cochran; that while they were looking at the cow appellant noticed two or three heifers present and inquired of Hunter if he would sell them, to which Hunter replied, "No," that none of the cattle in the "E" brand

were for sale; that during this time appellant petted a brown or red-colored heifer about sixteen months old and remarked that he would rather give $40.00 for her than $35.00 for the Cochran cow. The heifer was part Brahma and part Jersey, had short horns and was branded "E" on the right hip. Some seven or eight days later appellant purchased this identical heifer from Kellum for $25.00. A day of two later he carried her to San Augustine and sold her at the auction ring for $40.00.

Appellant denied that while at Hunter's he petted the animal in question and scratched her head. He also denied that he offered to pay Hunter $40.00 for the animal rather than pay Mrs. Cochran $35.00 for the cow. He admitted, however, that if he had petted the animal and had noticed the "E" brand on her, he would have recognized the animal a week or ten days later.

There are several significant facts established by the evidence. The first is that appellant had been engaged in the cattle business for a long time; that he had inspected the animal in question rather closely and offered $40.00 for her, and then seven or eight days later he purchased this identical animal from Friend Kellum, the self-confessed thief, for the sum of $25.00, and then sold her a day or two later for $40.00. If the testimony of Hunter and the Cochran boy was accepted by the jury as being true that appellant petted the animal, inspected her closely and offered $40.00 for her, and then if his testimony is true (or was accepted by the jury as being true ) to the effect that if he had done so, he would have known the animal at the time he purchased it from Kellum, it would justify the conclusion that he knew at the time of the purchase of the animal that it it belonged to Watt Hunter.

It further appears from appellant's own testimony that when he purchased an animal from people with whom he was not well acquainted, he always took a bill of sale, and that is reason why he required the negro (Kellum) to give him a bill of sale to this particular animal. However, he admitted on the witness stand that he had shortly theretofore purchased a red bull yearling from this negro but did not get a bill of sale to the same, his explanation thereof being that he did not have one with him. But, at the time he purchased the animal in question and took a bill of sale to her, he did not ask the negro to give him a bill of sale to the red bull yearling. This evidence, together with that heretofore set out, if believed by the jury, was sufficient upon which they could reasonably base their conclusion that the appellant knew at the time he purchased the animal

that it was stolen and that it was stolen from Mr. Hunter. Under the facts recited, we would not be authorized to hold that as a matter of law there is not any evidence upon which the jury could base their conclusion of appellant's guilt.

His second contention that the State's evidence shows that he was a principal in the theft of the animal and therefore could not be guilty of receiving and concealing the heifer, is based solely on the testimony of Kellum, who testified that on the 6th day of July, appellant gave him $2.00 to catch a cow which ranged "around the mill," describing the particular animal in question; that appellant instructed him that when he caught the cow to write him a letter; that he (Kellum) complied with the appellant's request; that on Saturday morning, in response to Kellum's letter, appellant came out in a truck, loaded the cow therein and then gave him $22.00; that he (Kellum) told appellant he did not owe him any more money, to which appellant replied, "Yes," and then asked Kellum to sign a bill of sale and to sign the name of C. B. Tyler thereto, which Kellum did; that appellant told him that he would give him the other dollar when he came to town, which he did. Appellant denied that he gave Kellum $2.00 to catch the animal in question. He testified that he loaned him $2.00, at which time Kellum told him that he had a heifer for sale; and that when he purchased the animal in question for $25.00 he paid him $22.00 in cash which, together with the $2.00 he had theretofore loaned him, equalled $24.00, and then he subsequently gave him the other dollar. This evidence shows that appellant paid for the animal with his own money at the time he received it and not with any of the proceeds from the sale of the heifer. Kellum had no interest in the animal after appellant received it and paid for it. The theft of the animal had been consummated when Kellum took possession of it and had it under his control. Asportation is not an element of the offense of theft. See Coward v. State, 24 Tex. Cr. App. 590. According to the appellant's testimony, he did not aid Kellum in taking possession of the animal, nor did he furnish any means by which the theft was committed. Neither was he present when Kellum stole the animal. In our opinion, the evidence of the appellant is not sufficient to show that he was a principal in the commission of the offense. See Articles 65 to 69, P. C.; also Rountree v. State, 140 Tex. Cr. R. 188, 143 S. W. (2d) 942; Burow v. State, 85 Tex. Cr. R. 133 (140) Kolb v. State, 88 Tex. Cr. R. 593.

Appellant contends, however, that the evidence introduced by the State shows that he committed the offense by and through .

Kellum, an innocent agent, which constitutes him a principal. If this testimony were uncontroverted, there might be some merit in his contention. The evidence shows that Kellum had lived in· the same community with Watt Hunter; that he lived on the Hunter place during the years 1939 to 1941; that he was well acquainted with Hunter's cattle and knew his mark and brand; that he had seen the animal in question at the time he worked for Mr. Hunter and knew that it belonged to him. Would this make him an innocent agent as a matter of law? We think not. Moreover appellant's testimony controverts the theory of Kellum being an innocent agent, and the jury, who are the exclusive judges of the facts proven, the credibility of the witnesses and the weight to be given to their testimony, had a right to reject a part of the evidence and accept the balance, or reject any and all of it, as in their judgment they deemed proper. Therefore, this court would not be justified in holding that appellant was a principal as a matter of law.

His next contention is that the court erred in declining to instruct the jury that if appellant, when his possession of the animal was first questioned, made an explanation thereof consistent with his innocence, then it devolved upon the State to· prove that it was false; and unless the State did so, he was entitled to an acquittal. The opinion is here expressed that he was not entitled to such an instruction. Even if it be conceded that in his conversation with Mrs. Hunter he told her that he had purchased such an animal from Kellum as described by her, this would not be a statement inconsistent with his guilt because he might have purchased the animal and yet may have known that it was a stolen animal. His statement that he purchased the animal from Kellum may be true, and yet he would be guilty of the offense charged if at the time he knew that it was stolen. Consequently his statement is not inconsistent with his guilt. Moreover, the court in his charge instructed the jury that if they believed from the evidence that at the time appellant purchased the animal in question he did not know or believed that it was stolen, or if they had a reasonable doubt thereof, to acquit him. This was the chief and controlling issue in the case, and we think that under the facts the court's charge on the subject was sufficient.

His next complaint is that the court erred in declining to submit to the jury his Requested Charge No. 4, which is to the effect that if the jury believed from the evidence that at the time he acquired the heifer he did so in good faith, believing that he had purchased a good title to her and thereafter, at all times,

continued to so believe until he was informed by Mrs. Hunter that that animal belonged to Watt Hunter, then they should acquit him. The court instructed the jury on the subject as set out in the preceding paragraph hereof. Said charge of the court was more favorable to the appellant than the one which he requested because the requested charge not only required the jury to believe that at the time he acquired the heifer he did so in good faith, believing that he had purchased a good title thereto but at all times continued so to believe until he was informed that she belonged to Watt Hunter. Therefore, the requested charge was more onerous on the appellant than the one which the court gave. Consequently he has no just ground of complaint.

The bills of exception complaining of certain arguments of the District Attorney are all qualified by the court, and as thus qualified, they fail to reflect any prejudicial error, inasmuch as the jury assessed the lowest penalty prescribed by law for the offense charged.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant again contends that if guilty at all of any offense, then the State's testimony shows him to be guilty as a principal in the crime of theft and not as being a guilty receiver of stolen property, knowing the same to have been stolen.

It may be true that the State's witness Kellum does show that appellant told him that he had a certain described animal located at a certain place, which it was desired that Kellum catch and hold for appellant, and that Kellum was to receive $2.00 for his services in penning such animal, Kellum testifying that he believed this animal to have been the property of appellant. At that point in the testimony, the indictment contained two active counts therein, one for the theft of the animal by appellant, and one for its receipt and concealment from Kellum, knowing the same to have been stolen. Appellant, however, later took the witness stand in his own behalf, and by his testimony

makes himself the receiver of such property, denying any knowledge of its stolen character; however, Mr. Hunter's testimony concerning the knowledge upon appellant's part that this animal so received from Kellum was the property of Hunter, and had actually been seen by appellant in Hunter's possession only a few days prior to the receipt of the animal from Kellum,—these facts, taken together, doubtless had some weight in deciding the trial court to submit to the jury, not the charge of theft but only the charge relative to receiving and concealing the property thus stolen by Kellum. The jury may have and doubtless did take a portion of the appellant's own testimony and combined same with Hunter's and discarded a portion of Kellum's rather ambiguous statements which, had they credited in their entirety, might have resulted in a belief that appellant was the one who stole the animal.

Appellant's knowledge of the stolen character of the animal was denied by him, although he admitted its receipt. The careful trial court in his charge told the jury that they could not convict appellant unless they believed beyond a reasonable doubt that Kellum stole the animal, and that appellant knew such fact at the time he received and concealed the same, and if they had a reasonable doubt relative thereto they should acquit the appellant. We think this was a fair presentation of the presented defense.

We see no reason to recede from our views expressed in the original opinion, and the motion will therefore be overruled.