Len **MASTERS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 41846.

Court of Criminal Appeals of Texas.

Jan. 29, 1969.

Rehearing Denied March 19, 1969.

Appellant's first ground of error is that the evidence is insufficient to support the conviction. The facts showed that appellant was interrupted by the owner of a service station and his employee as appellant was taking money from the station's cash register. When accosted by the owner, appellant "reached in his pockets" and "pulled out a handful of money from each pocket and handed (the money to the owner and his employee) and broke and ran." The amount initially taken from the cash register was approximately $143.00. The amount actually taken by appellant when he fled, after handing some money to the owner and employee, was $16.04.

Appellant contends that only the $16.04 was taken and that a prosecution for theft of over $50.00 is not maintainable. With such contention we do not agree for this Court has many times held that the crime of theft is complete where the article taken is reduced to the possession of the taker. It is not essential that appellant have removed the money from the premises of the service station. In the recent case of Senter v. State, Tex.Cr.App., 411 S.W. 2d 742, we noted that removal from their accustomed place was sufficient evidence to convict the accused of the theft of hogs. The removal of the money from the cash register by this appellant made the offense complete. See the cases collated at 25A Tex.Dig., Larceny, 12, and Art. 1412, Vernon's Ann.P.C.

Appellant's second ground of error relates to the admission of certain testimony. No objection was made at the time the complained-of testimony was presented and no error is preserved for our review. See cases collated at 13A Tex.Dig., Crim. Law, 1120(8).

As his third ground of error appellant states the trial court erred in failing to quash the second and third counts of the indictment because they alleged Oklahoma felony convictions which were based on informations, not indictments.

James David Durham, Jr., Tom Upchurch, Jr., Amarillo, for appellant.

Tom Curtis, Dist. Atty., H. Bryan Poff, Jr., Asst. Dist. Atty., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is felony theft with two prior convictions alleged for enhancement; the punishment, assessed by the court, life.

**870**

Appellant's motion to quash, made in the absence of the jury for the first time, came after the prosecutor offered certificates of the Secretary of State of Oklahoma containing portions of pertinent Oklahoma statutes authorizing the prosecution of felonies in that State upon information. Appellant's third ground of error is overruled.

 Appellant's fourth ground of error challenges such certificates of the Oklahoma Secretary of State because they do not show that the statutes recited therein were in effect at the times of appellant's Oklahoma convictions. The certificates show on their face that the statutes were in effect at the time of appellant's prior Oklahoma convictions. We further note that the act relied upon to show that felony prosecutions could be had upon informations in Oklahoma was originally enacted in 1910, and appears in the 1961 compilation of the Oklahoma statutes.

Appellant's fifth and sixth grounds of error—that the court erred in permitting R. N. Oliver, a retired Tulsa police officer, and court clerk to testify as to what the law of Oklahoma is regarding felony prosecutions based on informations—are overruled because their testimony was mere surplusage in view of the introduction by the State of the certificates discussed in grounds of error #3 and #4. Their testimony did not bear on any material fact involved in the case, and since it was adduced before the judge on the hearing on punishment and not before the jury, even if such testimony were inadmissible the judge is presumed to have disregarded it. Atkins v. State, Tex. Cr.App., 423 S.W.2d 579.

His final contention is that the life sentence imposed is unconstitutional. This Court recently held in Green v. State, Tex. Cr.App., 435 S.W.2d 513, (1969), that punishment imposed under Art. 62, V.A.P.C., was constitutional; the same reasoning and cases cited therein are applicable in this case where the attack is upon Art. 63, V.A. P.C.

Finding no reversible error, the judgment of the trial court is affirmed.

DOUGLAS, J., not participating.