**Jerome HASLEY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42108.**

Court of Criminal Appeals of Texas.

May 21, 1969.

Rehearing Denied July 16, 1969.

Duncan Noble, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Ailen Stilley, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is felony theft with two prior convictions alleged for enhancement; the punishment, life.

■ Appellant's first ground of error is that one of the prior convictions alleged for enhancement was unavailable for such use because at the hearing revoking probation in such conviction appellant was not represented by counsel. Reliance upon Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336; McConnell v. Rhay and Stiltner v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2, and Ex parte Fuller, Tex.Cr. App., 435 S.W.2d 515, by appellant is misplaced because unlike these cases appellant did not show that he was indigent and had not waived counsel at the time of the hearing to revoke probation. Such a showing is a necessary predicate to come within the rule announced in the above cited cases. Johnson v. State, Tex.Cr.App., 432 S.W.2d 98; Walling v. State, Tex.Cr.App., 437 S. W.2d 563.

■ As his second ground of error, appellant says that his stipulation admitting his two prior convictions alleged for enhancement was ineffective because it was done without a clear understanding of the consequences and only on the advice of his court appointed attorney. The method of proving prior convictions alleged for enhancement employed in the case at bar has been approved by this Court in Gamez v. State, Tex.Cr.App., 403 S.W.2d 418, cert. den. 386 U.S. 929, 87 S.Ct. 877, 17 L.Ed.2d 801. No error is perceived in the instant case where the appellant personally responded to the court's inquiry "And Jerome Hasley, is this your stipulation?" by answering, "Yes."

■ Ground of error #3 complains of the court's admission into evidence of alleged hearsay testimony. Admission by an accused to a companion is not hearsay.

 Appellant, in his fourth ground of error, complains of an alleged conflict between the testimony of two of the state's witnesses and urges that such conflict "cannot form a proper basis for a jury's finding beyond a reasonable doubt that defendant committed the alleged crime." No authority is cited in support of such proposition and we know of none. In Gray v. State, Tex.Cr.App., 379 S.W.2d 910, we said:

> "The court or jury trying the case are authorized to accept or reject any or all of the testimony of any witness. They may look to all the evidence in the case, that offered by the state as well as that offered by the appellant, in determining the facts and issues in the case."

As ground of error #5 appellant complains of the insufficiency of the evidence to establish value in excess of $50.00 of the property taken. On the day in question, the witness Morrison, saw appellant and state's witness Spanks at the loading dock of the company's warehouse, and observed appellant shoving something into the back seat of the car. Mr. Morrison requested appellant to stop which resulted in appellant's rapid exit from the loading dock in the car in "as high a speed as that Ford would go." Four cases of coffee had been removed from their accustomed place in the warehouse. Three cases of coffee were found on the loading dock near the place where appellant's car had been seen; the fourth case was missing. Testimony showed no authorized person had moved the cases onto the loading dock and that each case was worth at least $20.00.

 A similar contention was presented to this Court recently in Masters v. State, Tex.Cr.App., 437 S.W.2d 868, and its disposition controls here. Paraphrased to fit the fact situation presented in the case at bar, the controlling language is as follows: Appellant contends that the evidence showed only one case of coffee was taken and that a prosecution for theft of over $50.00 is not maintainable. With such contention we do not agree for this Court has many times held that the crime of theft is complete where the article taken is reduced to the possession of the taker. It is not essential that appellant have removed the four cases of coffee from the loading platform; what is essential is that the jury find, as they did, that appellant removed the cases from their customary location in the warehouse to the loading platform. In the recent case of Senter v. State, Tex.Cr.App., 411 S.W.2d 742, we noted that removal from their accustomed place was sufficient evidence to convict the accused of the theft of hogs. The removal of the cases of coffee from the warehouse by the appellant as found by the jury made the offense complete. See the cases collated at 25 A.Tex.Dig., Larceny, 12, and Art. 1412, Vernon's Ann.P.C.

We have read the record and have concluded that appellant was not denied the effective representation of counsel as he contends in his final ground of error.

Finding no reversible error, the judgment of the trial court is affirmed.