v.

**The STATE of Texas, Appellee.**

**No. 14918.**

Court of Civil Appeals of Texas, San Antonio.

April 16, 1971.

John L. Sanders, Don McManus, Harry B. Adams, III, San Antonio, for appellant.

Ted Butler, Miles L. Johnsen, San Antonio, for appellee.

BARROW, Chief Justice.

This is an appeal from the judgment of the Juvenile Court of Bexar County finding appellant in violation of the terms of his probation under a suspended commitment and ordering him committed to the care, custody, and control of the Texas Youth Council under the provisions of Article 2338–1, Vernon's Annotated Civil Statutes. Probation was revoked after appellant was found by the court, without a jury, to have committed the offense of misdemeanor theft by unlawfully and fraudulently taking a ladies purse, over the value of $5.00, belonging to Yolanda Esquivel.

Appellant has perfected this appeal and asserts the judgment based on the court's finding that he committed a theft of a ladies purse, hereinafter referred to as a handbag, over the value of $5.00 but under the value of $50.00, should be reversed because there is no evidence or insufficient evidence of an intent to deprive the owner of the value thereof, or to appropriate same to his use or benefit.

Two witnesses testified at the hearing to revoke said probation. Mrs. Yolanda Esquivel testified that on January 16, 1970, she was employed by Budget Rent-A-Car at its office in the lobby of the Gunter Hotel. About 9:00 a. m., she left the office and went into the nearby Coffee Shop. On returning, she saw appellant behind the counter looking through the cabinet drawers in the office. She went to the office and saw her handbag open at his feet. This handbag had been left by her hidden in a drawer when she went to get coffee. Appellant struck her and ran, leaving the handbag on the floor of the office. He was apprehended by a by-stander and a subsequent search of appellant by a police officer revealed a small coin purse belonging to Mrs. Esquivel in his front pants pocket. This coin purse had been left by

Mrs. Esquivel in the handbag. The only other witness was the officer who was called to the scene after appellant had been apprehended. This officer testified that he searched appellant and discovered the small coin purse in his pocket.

Appellant urges that this evidence established a theft of only the coin purse and not the handbag. The ladies handbag was valued at $16.00; however, the coin purse was valued at only $1.00 and contained an additional $.23.

The trial court found that appellant did fraudulently take the handbag of Mrs. Esquivel of the value of under fifty dollars but over five dollars, without her consent, and with the intent to deprive her thereof and to appropriate it to his own use and benefit. The court found, however, at the request of appellant, that at the time appellant was discovered and ran, he had no intent to take the handbag with him.

■ Under Article 1412, Vernon's Tex. Pen.Code Ann., asportation of the property is not necessary to the crime of theft. The Court of Criminal Appeals in Hasley v. State, 442 S.W.2d 739 (1969), recently considered this statute in a situation very similar to the facts before us. In affirming a conviction for theft over $50.00, although only one case of coffee of the value of $20.00 was actually taken by Hasley, it was said: "A similar contention was presented to this Court recently in Masters v. State, Tex.Cr.App., 437 S.W.2d 868, and its disposition controls here. Paraphrased to fit the fact situation presented in the case at bar, the controlling language is as follows: Appellant contends that the evidence showed only one case of coffee was taken and that a prosecution for theft of over $50.00 is not maintainable. With such contention we do not agree for this Court has many times held that the crime of theft is complete where the article taken is reduced to the possession of the taker. It is not essential that ap-

pellant have removed the four cases of coffee from the loading platform; what is essential is that the jury find, as they did that appellant removed the cases from their customary location in the warehouse to the loading platform. In the recent case of Senter v. State, Tex.Cr.App., 411 S.W. 2d 742, we noted that removal from their accustomed place was sufficient evidence to convict the accused of the theft of hogs. The removal of the cases of coffee from the warehouse by the appellant as found by the jury made the offense complete. See the cases collated at 25 A.Tex.Dig., Larceny, 12, and Art. 1412, Vernon's Ann. P.C."

■ Here the uncontradicted evidence establishes that appellant went behind the counter of the Budget Rent-A-Car office where he opened the drawer and removed the handbag belonging to Mrs. Esquivel. Said handbag was clearly in his possession at this time. Appellant then took the coin purse from the handbag and placed the latter at his feet while he looked through the other office drawers, apparently for other valuables. He was observed by Mrs. Esquivel before he had completed this search, and as a result thereof, he fled the scene, leaving the open handbag on the floor of the office.

■ This testimony fully supports a finding of a fraudulent taking of the handbag without the consent of the owner, with intent to deprive the owner of the value of the same, and to appropriate it to his use or benefit. The offense was complete when the handbag came into his possession, and it is no defense that he might have subsequently decided not to take it with him when he tried to flee the area. Hartman v. State, 85 Tex.Cr.R. 582, 213 S.W. 936 (1919); 55 Tex.Jur.2d, Theft, Section 14. The Juvenile Court did not abuse his discretion in revoking the probation of appellant.

The judgment is affirmed.