Marshall Webster **BARNES**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 48787.

Court of Criminal Appeals of Texas.

Sept. 24, 1974.

———◆———

Michael L. Morrow, Dallas, for appellant.

Henry Wade, Dist. Atty., Ronald D. Hinds, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

The appellant was sentenced to life as an habitual criminal under Art. 63, Vernon's Ann.P.C., upon his conviction for felony theft of an automobile.

Appellant urges us to reverse upon the contention that the evidence is not sufficient to show a taking of the automobile.

During a banker's convention in Dallas, several policemen were engaged after their working hours to drive visiting bankers about town. Republic National Bank had so employed Officers Barnes, Feinglas and Flowers. Barnes was assigned a new Plymouth of the value of over $50.00, which he kept and so used for six days. On October 10, 1972, he had delivered a visiting banker and wife to One Main Place, and had parked his Plymouth facing west on Main Street with the key left in the ignition lock. He and other officers so engaged, all dressed in plain clothes, were standing in front of the building about 30 or 40 feet back of Barnes' car, at about 10:15 P.M., when appellent entered Barnes' car on the driver's side, closed the door, started the motor and had his hands on the steering wheel. Officer Feinglas saw this occurrence, and Barnes and the other officers immediately got appellant out of the car before he had moved it from its parking place.

Appellant testified that he did not enter the car, but, having too much to drink, became sick, vomited and leaned against the car when the officers arrested him. The officers refuted this claim, saying he was not drunk or sick. On the punishment phase of the trial, it was proved that appellant was convicted of burglary on August 5, 1964, and again for burglary on December 22, 1970, as charged in the second and third paragraphs of the indict-

ment, and the court having so found, assessed the punishment at life.

In the charge to the jury, the court correctly told them:

"By the term 'taking', as used in this charge, is meant that the property in question must have been brought under the complete possession and control of the accused to the complete dispossession and control of the owner. The length of time of such possession and control is immaterial, and it is not necessary that the property be removed any distance from the place of taking; it is sufficient that it has been in the possession of the accused, though it may not be moved out of the presence of the person deprived of it."

Article 1412, V.A.P.C., reads:

"To constitute 'taking' it is not necessary that the property be removed any distance from the place of taking; it is sufficient that it has been in the possession of the thief, though it may not be moved out of the presence of the person deprived of it; nor is it necessary that any definite length of time shall elapse between the taking and the discovery thereof; if but a moment elapse, the offense is complete."

Contrary to common law, it was not necessary that the automobile be moved or carried away. Having taken possession and control of the automobile by entering it and starting the motor, with his hands on the steering wheel, with the obvious intent to drive it away, the taking was complete although appellant was interrupted before he had time to abscond with it. See Moses v. State, 147 Tex.Cr.R. 206, 179 S.W.2d 558; Krause v. State, 151 Tex.Cr.R. 197, 206 S.W.2d 257; Masters v. State, Tex.Cr.App., 437 S.W.2d 868; R.— B.— v. State, Tex.Civ.App., 469 S.W.2d 235; Banks v. State, Tex.Cr.App., 471 S.W.2d 811.

We overrule appellant's contention. We have also considered the pro se brief filed by appellant, but find it to be without merit.

We note that the judgment fails to recite that the court found the prior two convictions as alleged in the second and third paragraphs of the indictment to be true, and it is reformed to so show; also, the sentence is incorrectly dated May 1, 1973, when it was actually pronounced on April 30, 1973, and it is reformed to show its date was April 30, 1973.

As reformed, the judgment is affirmed.

Opinion approved by the Court.