

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00388-CR

---

TIFFANY NICOLE READ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 31736B, Honorable Titiana Frausto, Presiding

---

August 14, 2024

OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Tiffany Nicole Read, appeals her conviction for the state-jail-felony offense of theft of property having a value of $2,500 or more but less than $30,000,[1] with the punishment enhanced to that of a third-degree felony by two prior state-jail-felony

---

[1] *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(A).

convictions.[2]  She also appeals the resulting sentence of ten years' incarceration and a $10,000 fine.  We affirm the judgment of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

Around 3:30 a.m. on October 23, 2021, Randall Welling observed a Suburban SUV parked in a bar ditch parallel to a fence enclosing Insurance Auto Auctions (IAA).[3]  As Welling approached the vehicle, it drove away.  After investigating the area, Welling called the Randall County Sheriff's Office to report what appeared to be a break-in of IAA.  During the call, Welling gave a description of the SUV that had fled the area.

Randall County Sheriff's Officer Marcus Diaz saw an SUV in the area that matched the description of the suspect vehicle reported by Welling.  Officer Diaz stopped the vehicle for further investigation.  He identified the driver of the SUV as Appellant.  Eventually, Appellant told Diaz that Stacy Milligan was a person who was hiding somewhere on the IAA lot.[4]  A search of Appellant's vehicle produced several binoculars, a two-way radio, a "walkie-talkie," and a wallet belonging to a Robert Dougherty.[5]  Appellant was eventually arrested.

---

[2] *See* TEX. PENAL CODE ANN. § 12.425(a).

[3] Welling worked for the owner of IAA.  IAA is a "clearing house" for damaged vehicles.  It picks up wrecked cars on behalf of insurance companies and stores them while carriers decide whether to repair the damaged vehicles or declare them a total loss.  If the vehicle was declared a total loss, IAA would assist in selling the vehicle to a dealer.  While the vehicles on the lot were all damaged in some way, IAA was responsible for any additional damage occurring to those vehicles while they were in its possession.

[4] Eventually, Stacy Milligan was discovered on the IAA lot.

[5] Appellant told Diaz that Dougherty was her boyfriend.

After obtaining the information from Officer Diaz's interaction with Appellant, the officers at IAA made a public address announcement for Milligan to surrender. When the officers received no response, they requested a K-9 unit to assist in searching the IAA lot. After conducting a search of the lot, officers found a man hiding underneath a truck. The man was subsequently identified as Robert Dougherty. When Dougherty was found, there were several catalytic converters on the ground near him that had been forcibly removed from vehicles on the IAA lot. Dougherty was wearing work gloves and possessed a "SAWZALL," which is a saw that is capable of cutting through metal. Dougherty was arrested.

Appellant was indicted for theft of property having a value of $2,500 or more but less than $30,000. The indictment further alleged that Appellant had been twice convicted of state-jail-felony offenses, which would be used to enhance the range of punishment for the theft charge. When the case was called for trial, on October 2, 2023, Appellant pleaded not guilty and jury selection began. However, on the second day of trial, Appellant failed to appear. Through her bond company, Appellant reported that she was running behind. However, Appellant did not identify a reason for her tardiness. After an hour past the scheduled start time for trial, the trial court indicated that it would proceed in Appellant's absence. Appellant's counsel orally moved for a continuance and sought leave from the trial court to forego filing a written motion for continuance. The trial court found that Appellant voluntarily absented herself from the proceedings and proceeded with the jury trial in Appellant's absence.

At the close of the trial, the jury found Appellant guilty of the offense of theft of property with a value equal to or greater than $2,500 but less than $30,000. A plea of

"not true" to the enhancement allegations was entered in absentia by the trial court as Appellant still had not appeared at the trial. After punishment evidence was presented to the jury, it found the enhancement allegations true and assessed punishment at ten years' incarceration and a $10,000 fine on October 4, 2023. The trial court pronounced sentence in open court on October 24, 2023, with Appellant in attendance. The trial court attached an "Article 42.15 Addendum" to the judgment. This Addendum provides that Appellant does not presently have sufficient resources or income to immediately pay all or part of the fine and costs assessed in the judgment but will, in the future, have the ability to pay the fine and costs. The Addendum also informed Appellant that she will be required to pay all of the fine and costs upon release from prison and that, if Appellant is unable to pay the fine and costs upon release, Appellant shall appear before the District Clerk and make arrangements to pay the fine and costs at designated intervals. Appellant timely appealed from this judgment.

By her appeal, Appellant presents four issues. By her first issue, Appellant contends that the trial court abused its discretion when it denied her oral motion for continuance. Appellant contends, by her second issue, that the evidence was insufficient to support the jury's verdict that the value of the property in the instant case was $2,500 or more but less than $30,000, as alleged in the indictment. By her third issue, Appellant contends that the trial court reversibly erred by denying her request for a lesser-included-offense instruction. Finally, by her fourth issue, Appellant contends that the trial court abused its discretion by failing to conduct an on-the-record inquiry into Appellant's ability to pay the fine and costs.

4

**ISSUE ONE: CONTINUANCE**

By her first issue, Appellant contends that the trial court abused its discretion when it denied Appellant's oral motion for continuance. The State responds contending that Appellant's oral motion did not preserve this issue for appellate review. We agree with the State.

We review a trial court's ruling on a motion for continuance for an abuse of discretion. TEX. CODE CRIM. PROC. ANN. art. 29.06; *Heiselbetz v. State*, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995) (en banc). "To preserve a claim of error based on the denial of a motion for continuance, the motion must be in writing and sworn." *Brooks v. State*, No. 07-23-00249-CR, 2024 Tex. App. LEXIS 3669, at *3 (Tex. App.—Amarillo May 29, 2024, pet. filed) (mem. op., not designated for publication) (citing TEX. CODE CRIM. PROC. ANN. arts. 29.03, 29.08). "[I]f a party makes an unsworn oral motion for a continuance and the trial judge denies it, the party forfeits the right to complain about the judge's ruling on appeal." *Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009); *see also State v. Heath*, No. PD-0156-22, 2024 Tex. Crim. App. LEXIS 446, at *5 n.11 (Tex. Crim. App. June 12, 2024) (same). "[A]n unsworn oral motion preserves nothing for appeal." *Blackshear v. State*, 385 S.W.3d 589, 591 (Tex. Crim. App. 2012). In the present case, Appellant failed to present a written, verified motion for continuance to the trial court and this failure forfeits the issue on appeal. *See id.*; *Anderson*, 301 S.W.3d at 279. Consequently, we overrule Appellant's first issue.

**ISSUE TWO: SUFFICIENCY OF THE EVIDENCE ESTABLISHING THE VALUE OF THE PROPERTY**

By her second issue, Appellant contends that the evidence is insufficient to support the jury's verdict that the property in the instant case had a value of $2,500 or more but less than $30,000, as alleged in the indictment. The State points out that Appellant challenges only the sufficiency of the evidence concerning the value of the property and not her guilt as a party to the theft, the appropriation of the property, or her criminal intent. As to the value of the property, the State contends that the evidence established that there is not a viable market for used catalytic converters and, therefore, the cost of replacement must be used. Evidence established that the replacement value exceeded $2,500.

The standard we apply in determining whether the evidence is sufficient to support a conviction is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under that standard, we consider all the evidence in the light most favorable to the verdict and determine whether, based on the evidence and reasonable inferences therefrom, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). Sufficiency of the evidence is measured against the elements of the offense as defined by a hypothetically correct jury charge. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). In our review, we must evaluate all the evidence in the record, both direct and circumstantial, regardless of whether that evidence was properly or improperly admitted. *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016);

6

*Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We are also required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). When the record supports conflicting inferences, we presume that the jury resolved any conflicts in favor of the verdict and will defer to that determination. *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012).

The State alleged that Appellant committed the state-jail-felony offense of theft of property. As such, it had to prove that the value of the property was between $2,500 and $30,000. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(A).[6] The value of property is the fair market value of the property at the time and place of the offense. *Id.* § 31.08(a)(1). Ascertainment of fair market value presupposes an existing, established market for the property. *Infante v. State*, 404 S.W.3d 656, 661 (Tex. App.—Houston [1st Dist.] 2012, no pet.). However, if the fair market value cannot be ascertained, value is the cost of replacing the property within a reasonable time after the theft. TEX. PENAL CODE ANN. § 31.08(a)(2).

In the present case, Balente Caballero, a parts consultant with AutoNation, testified that there is no market for used catalytic converters because catalytic converters cannot be reused. Shawn Norris, an employee of IAA, testified that IAA is responsible for all of

---

[6] We note that the Legislature amended Penal Code section 31.03 to add language that makes it a state jail felony whenever the stolen property is a catalytic converter and the cost of replacing the stolen catalytic converter(s) is less than $30,000. TEX. PENAL CODE ANN. § 31.03(e)(4)(G). However, this amendment did not become effective until after Appellant was indicted and the State did not seek to amend its indictment to plead an offense under this amendment.

7

the vehicles stored in its lot and IAA must reimburse the insurance carrier for any damage done to the vehicle while in its possession. Because the undisputed evidence established that catalytic converters cannot be reused, a fair market value of the catalytic converters could not be ascertained. Consequently, evidence regarding the replacement value of the catalytic converters is sufficient to establish the value of the stolen property. *See id.* § 31.08(a)(2). Felipe Enriquez, an investigator with the Randall County Sheriff's Office, testified that replacing the six catalytic converters that were stolen from the IAA lot would cost, at a minimum, $4,611.96. Caballero testified that it would cost over $4,000 to replace the two catalytic converters taken from the Ford F-150. Considering all the evidence in the light most favorable to the verdict, we conclude that the evidence was sufficient to allow a rational jury to have found that the value of the property exceeded $2,500 beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *Queeman*, 520 S.W.3d at 622. Accordingly, we overrule Appellant's second issue.

## ISSUE THREE: LESSER-INCLUDED OFFENSE

By her third issue, Appellant contends that the trial court reversibly erred by refusing Appellant's request to charge the jury on the lesser-included offense of attempted theft. The State responds contending that the law does not require it to prove that the stolen property was conveyed from the premises and, therefore, Appellant was not entitled to a lesser-included-offense instruction.

We review a trial court's refusal to include a lesser-included-offense instruction in the court's charge for an abuse of discretion. *Manahan v. State*, Nos. 07-18-00196-CR, 07-18-00197-CR, 2019 Tex. App. LEXIS 10232, at *3 (Tex. App.—Amarillo Nov. 25,

8

2019, no pet.) (mem. op., not designated for publication) (citing *Threadgill v. State*, 146 S.W.3d 654, 666 (Tex. Crim. App. 2004) (en banc)).  The Court of Criminal Appeals has identified the two-part process by which we determine whether a defendant was entitled to a lesser-included-offense instruction.

> First, we must determine whether the proof necessary to establish the charged offense also includes the lesser offense.  This is a question of law, and it does not depend on the evidence to be produced at trial.  Second, if this requirement is met, we must further determine whether there is some evidence in the record that would permit the jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense.  Under this second step, "anything more than a scintilla of evidence may be sufficient to entitle a defendant to a lesser charge."  A defendant is entitled to an instruction on a lesser-included offense regardless of whether the evidence supporting the instruction "is weak, impeached, or contradicted." . . .  However, "it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted."  Ultimately, the inquiry is whether the evidence establishes the lesser-included offense as a valid, rational alternative to the charged offense.

*Simms v. State*, 629 S.W.3d 218, 222 (Tex. Crim. App. 2021) (internal citations omitted).

The Court of Criminal Appeals has addressed whether attempted theft is a lesser-included offense of theft.  *See Bullock v. State*, 509 S.W.3d 921, 925 (Tex. Crim. App. 2016).  The court explained that:

> A person commits the offense of theft if he unlawfully appropriates property with intent to deprive the owner of the property.  TEX. PENAL CODE [ANN.] § 31.03(a).  "Appropriate" means to acquire or otherwise exercise control over property other than real property.  *Id.* § 31.01(4)(B).  Criminal attempt occurs when a person, with specific intent to commit an offense, does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.  *Id.* § 15.01(a).  Thus, to find appellant guilty only of attempted theft, a jury would be required to determine that appellant intended to steal the [property], he did an act

9

amounting to more than mere preparation, but he failed to effect the completed theft—i.e., he failed to unlawfully appropriate the [property] by failing to acquire it or otherwise exercise control over it.

*Id.*

Appellant contends that the evidence only demonstrates that the parties to the theft committed an attempted theft because the catalytic converters were never removed from IAA's premises before they were arrested. "[A]sportation—the act of carrying away or removing property—is not an element of statutory theft." *Hawkins v. State*, 214 S.W.3d 668, 670 (Tex. App.—Waco 2007, no pet.) (citing *Barnes v. State*, 513 S.W.2d 850, 851 (Tex. Crim. App. 1974), among others). Here, the evidence established that Dougherty removed the catalytic converters from vehicles on the IAA lot with the intent to steal them. Removing the catalytic converters from the vehicles with the intent to deprive the owner of them constitutes an appropriation, even though Dougherty did not remove them from the IAA lot. *See Jahanian v. State*, No. 14-07-00703-CR, 2009 Tex. App. LEXIS 4352, at *34 (Tex. App.—Houston [14th Dist.] May 28, 2009, pet. ref'd) (mem. op., not designated for publication) (control over property with an intent to deprive the owner of it is sufficient to show appropriation, even though the property was never removed from the owner's premises). Consequently, we conclude that the evidence established that Appellant committed the offense of theft, but there was no evidence that would permit the jury to rationally find that, if Appellant was guilty, she was guilty only of the lesser-included offense of attempted theft. We overrule Appellant's third issue.

**ISSUE FOUR: ON-THE-RECORD INQUIRY INTO ABILITY TO PAY FINE AND COSTS**

By her fourth issue, Appellant contends that the trial court abused its discretion by failing to conduct an on-the-record inquiry into Appellant's ability to pay the fine and costs assessed by the judgment and requests that we remand the case to the trial court to conduct such an inquiry. The State responds contending that the trial court explicitly found that Appellant lacked the ability to pay all or part of the assessed fine and costs immediately and, as such, Appellant's request that the case be abated to the trial court to hold an on-the-record inquiry would be a waste of time and judicial resources.

This Court has addressed this argument multiple times recently. *See Garcia v. State*, No. 07-23-00318-CR, 2024 Tex. App. LEXIS 5554, at *2–3 (Tex. App.—Amarillo Aug. 2, 2024, no pet. h.) (per curiam) (mem. op., not designated for publication); *Cantu v. State*, No. 07-23-00322-CR, 2024 Tex. App. LEXIS 5333, at *3–4 (Tex. App.—Amarillo July 29, 2024, no pet. h.) (mem. op., not designated for publication); *Woodard v. State,* No. 07-23-00377-CR, 2024 Tex. App. LEXIS 4642, at *10–11 (Tex. App.—Amarillo July 2, 2024, no pet. h.) (mem. op., not designated for publication); *Lucero v. State*, No. 07-23-00444-CR, 2024 Tex. App. LEXIS 4558, at *3–4 (Tex. App.—Amarillo June 27, 2024, pet. filed) (mem. op., not designated for publication); *Luna v. State*, Nos. 07-23-00139-CR, 07-23-00140-CR, 2024 Tex. App. LEXIS 3823, at *4–6 (Tex. App.—Amarillo June 3, 2024, pet. filed) (mem. op., not designated for publication); *Bruedigam v. State*, No. 07-23-00429-CR, 2024 Tex. App. LEXIS 3644, at *4–5 (Tex. App.—Amarillo May 28, 2024, no pet.) (mem. op., not designated for publication); *Sparks v. State*, No. 07-23-00215-CR, 2024 Tex. App. LEXIS 2574, at *6–7 (Tex. App.—Amarillo Apr. 12, 2024, no pet.) (mem. op., not designated for publication); *Mayo v. State*, 690 S.W.3d 103, 105–06 (Tex.

11

App.—Amarillo 2024, pet. filed) (op. on reh'g); *Stanberry v. State*, No. 07-23-00194-CR, 2024 Tex. App. LEXIS 1066, at *4–7 (Tex. App.—Amarillo Feb. 9, 2024, pet. filed) (mem. op., not designated for publication). Our analysis in each of these cases has been consistent. Nonetheless, appellants continue to challenge the trial court's failure to hold an on-the-record inquiry into the defendant's ability to pay a fine and costs in circumstances where the trial court does not order the defendant to immediately pay the fine and costs. To provide additional clarity regarding this issue, we will attempt to elucidate the basis of our analysis in the above-cited cases.

Article 42.15 of the Texas Code of Criminal Procedure provides that, during or immediately after imposing sentence, a trial court "shall inquire on the record whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs." TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1). We have construed this on-the-record inquiry requirement necessitated whenever a trial court orders a defendant to "**immediately** pay all or part of the fine and costs." *Id.* (emphasis added). Thus, it would be error for a trial court to order a defendant to immediately pay all or part of a fine and costs without first holding an on-the-record inquiry into the defendant's present ability to pay that fine and costs.

However, when, as here, the trial court finds that the defendant does not have the present ability to pay all or part of the fine and costs, but the record does not reflect that it inquired into the defendant's ability to pay the fine and costs, we have determined that "it is evident from the finding that the trial court determined that Appellant did not have sufficient resources or income to do so." *Stanberry v. State*, 2024 Tex. App. LEXIS 1066, at *6. Remanding to the trial court to reach this same conclusion after an on-the-record

12

inquiry would be "gratuitous" and would be an "unnecessary exercise and a waste of judicial resources." *Id.* (citing *Sloan v. State*, 676 S.W.3d 240, 242 (Tex. App.—Tyler 2023, no pet.). Consequently, Appellant in the present case, like those appellants in the cases cited above, has wholly failed to identify how she has been harmed by the trial court failing to inquire, on the record, into her present ability to pay the judgment's fine and costs when the court has not ordered her to immediately pay all or part of the fine or costs.

"If the court determines that the defendant does not have sufficient resources or income to **immediately** pay all or part of the fine and costs, the court shall determine whether the fine and costs should be: (1) subject to Subsection (c),[7] required to be paid at some later date or in a specified portion at designated intervals . . . ." TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1) (emphasis added). Here, the trial court determined that Appellant does not have sufficient resources or income to immediately pay all or part of the fine and costs. Article 42.15(a-1) authorizes the trial court to order that the fine and costs "be paid at some later date . . . ." *Id.* Appellant does not challenge the trial court's authority to order payment of the fine and costs in the future. The trial court in the present case ordered Appellant to pay all of the fine and costs to the District Clerk upon release on parole or completion of her sentence, as authorized by article 42.15(a-1). The trial court also explicitly notified Appellant that, if she is unable to pay all of the fine and costs upon release, she shall appear before the District Clerk and make arrangements to pay the fine and costs at designated intervals. This is consistent with the procedure provided

---

[7] Article 42.15(c) addresses the imposition of a fine and costs in a misdemeanor case, which is not applicable to the present case.

in the Texas Code of Criminal Procedure. *See id.* art. 43.035(a), (b)(1) (if defendant voluntarily appears and informs court or clerk that defendant has difficulty paying fine and costs as required by judgment, court shall hold hearing to determine whether that portion of judgment imposes undue hardship on defendant).[8] If, at that time, the trial court determines that undue hardship exists, it shall consider whether the fine and costs should be satisfied through a different method. *See id.* art. 43.035(c).

For the foregoing reasons, we conclude that Appellant has failed to show that the trial court abused its discretion in ordering Appellant to pay the fine and costs upon her release from custody. As such, we overrule Appellant's fourth issue.

### CONCLUSION

Having overruled each of Appellant's issues, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Publish.

---

[8] We note that there are exceptions to the requirement that the trial court hold a hearing. *See id.* art. 43.035(d).

14