FORET, Judge.
The defendant, Sherry P. Deaton, was convicted of theft by jury verdict in the Fourteenth Judicial District Court of Louisiana. On appeal, defendant presents one assignment of error:
The jury erred in their verdict of guilty due to the fact that the defendant could not and did not have the necessary specific intent because of her drugged and intoxicated condition at the time of commission of the crime.
The defendant was indicted by proper bill of information on May 24, 1982. Because she pleaded both not guilty and not guilty by reason of insanity, a sanity commission was convened, composed of Drs. Rathmell and Willis. Based on their opinions, the court, on June 16, 1982, found the defendant mentally competent and able to stand trial. She was convicted of theft and sentenced to four years at hard labor.
Defendant contends that her drugged and intoxicated condition caused by the voluntary taking of alcohol with Quaaludes precluded her from forming any specific intent, a necessary element in the crime of theft. Voluntary intoxication cannot excuse crime, but it can be a defense to an offense which requires specific intent if the intoxication precluded the capacity to form that intent. LSA-R.S. 14:15; State v. Burge, 362 So.2d 1371 (La.1978).
The issue of whether specific intent existed at the time of commission of crime was presented to the jury in a fact finding capacity. The inquiry in a review of sufficiency of the evidence supporting a conviction is whether, “after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt ... ”. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Roy, 395 So.2d 664 (La.1981); State v. Lemoine, 403 So.2d 1230 (La.1981)[1] It is thus necessary for us to review the facts.
*1220 REVIEW OF FACTS
On the morning of April 30,1982, employees of Kroger Family Center in Lake Charles, Louisiana, observed the defendant taking store merchandise and depositing it in a trash container that she had placed in her shopping cart. As she picked the items off the shelf and into the container, she repeatedly looked over her shoulder, as if she feared someone were watching. Because of this stealthy behavior, the employees kept a close watch on the defendant for approximately an hour and a-half to two hours.
Defendant then attempted to leave with the goods by by-passing the checkout counter and pushing her goods-laden cart through the store’s exit doors. She was immediately apprehended by two Kroger employees and literally dragged, screaming and kicking, to the manager’s office to await the arrival of the police.
During her detention in the office, the defendant was quite moody. She was violent at times and at other times was calm and spoke of her concern for her child. None of the employees observed that she had been drinking and could not smell alcohol on her breath. The officer who arrived at the scene also testified that she did not appear to be intoxicated or in a drugged condition.
The record shows numerous facts which indicate that the defendant knew exactly what she was doing and had the requisite specific intent. She entered the store at approximately 10:30 A.M. and for approximately two hours carefully removed items from the shelves and hid them in a trash can on her shopping cart. She traveled through several parts of the store to disguise her behavior and repeatedly checked over her shoulder to make sure no one was watching. Her attempt to exit with the goods was made through a checkout aisle which had no person checking out goods. Even assuming arguendo that the defendant was in a drugged or intoxicated condition, there was sufficient evidence presented so that a jury could rationally decide that the required specific intent was present.
The defendant suggests that the moody behavior exhibited by her after her detention is evidence that she was so drugged and intoxicated that she could not have known of her actions. This argument is without merit. A drugged and intoxicated state does not have a monopoly on moody behavior. As the doctors who testified at the trial indicated, this type of behavior could have just as easily been caused by an anti-social personality disorder or her anger at being arrested. Mere personality changes after one is arrested does not necessarily indicate that the person was incapable of forming a specific intent to commit a particular crime.
Defendant also contends that the two doctors’ testimony indicates that she could not have been capable of forming specific intent. We disagree. The opinions of the doctors were based primarily on what was told to them by the defendant and, to a lesser degree, on her medical records. Neither doctor examined her mental state at the time of the offense, nor spoke with any of the employees who were with defendant on the day of the crime. All mental examinations were done several days after the crime, one on June 7,1982, and the other on June 14,1982. Although both doctors testified that the defendant had a serious drug problem, there is nothing in their testimony which would indicate that she was incapable of having specific intent.
CONCLUSION
Considering the testimony of the arresting officer and the Kroger employees, the opinions of the doctors, and the meticulous mode of operation used by the defendant, this Court finds that a rational trier of fact had sufficient evidence to find beyond a reasonable doubt that defendant’s condition *1221 did not preclude her from forming the required specific intent.
DECREE
For the reasons assigned, defendant’s conviction is affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs and assigns brief reasons.

. Although in a jury trial the proper procedure for raising the issue of whether there is suffl- *1220 cient evidence to support a conviction is by motion for a new trial, this Court will nevertheless consider the question of whether the evidence is sufficient to support the verdict. State v. Brown, 421 So.2d 854 (La.1982), at 858.